UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SAMUEL GREGORY,<br><br>                Petitioner,<br><br>    v.<br><br>PAT GLEBE,<br><br>                Respondent. | Case No. C09-5346RJB<br><br>SECOND REPORT AND RECOMMENDATION<br><br>Noted for May 28, 2010 |

      Petitioner, Samuel Gregory, is a state prisoner currently incarcerated at the Stafford Creek Corrections Center. He is serving time in prison based on convictions for First Degree Burglary, First Degree Child Rape, and Second Degree Rape.

      Petitioner seeks federal habeas relief under 28 U.S.C. § 2254 challenging his state criminal convictions. After providing petitioner a full opportunity to file any opposition, the matter is before the court on respondent's motion to dismiss (Doc. 9).

      After a careful review of the record, the undersigned submits the following report and recommends that the Court deny the petition for writ of habeas corpus as untimely.

REPORT AND
RECOMMENDATION - 1

## **DISCUSSION**

A one-year period of limitation applies to federal petitions for writ of habeas corpus. The relevant statute states:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the  Supreme Court and made retroactively applicable to cases on collateral review;  or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

"The one-year statute of limitations prescribed in the AEDPA may be equitably tolled if 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" Brambles v. Duncan, 412 F.3d 1066, 1069 (9th Cir. 2005)(*quoting* Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999)). The Supreme Court has held, "that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's PCRA petition as untimely, it was not properly filed, and he is not entitled to statutory tolling under § 2244(d)(2). Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

REPORT AND
RECOMMENDATION - 2

Here, petitioner was initially convicted and sentenced by the state trial court on or about November 3, 2000. Petitioner appealed, and after the State Court of Appeals determined that there was insufficient evidence to support one charge of First Degree Child Rape, the court reversed that count and remanded the matter to the trial court for resentencing. On February 28, 2003, Mr. Gregory was resentenced to 116 months confinement for the First Degree Burglary conviction, 318 months for the First Degree Child Rape, and 280 months confinement for the Second Degree Rape, the terms to run concurrently. Petitioner did not file a direct appeal of the re-sentencing.

On October 26, 2006, Mr. Gregory filed a motion in state court to modify the February 28, 2003, Judgment and Sentence. The state trial court dismissed the motion as untimely under RCW 10.73.090. Mr. Gregory appealed the decision to the Court of Appeals, Division Two. The Washington Court of Appeals affirmed the decision of the trial court. Mr. Gregory then filed a motion to modify. The Washington Court of Appeals denied the motion. Mr. Gregory then appealed the decision to the Washington Supreme Court. The Washington Supreme Court denied review. The Washington Court of Appeals issued its Mandate on October 14, 2008.

The record does not explain or give any valid reason why petitioner waited more than three years after he was resentenced to file a motion challenging his conviction and sentence. The one-year period of limitation expired on or about March 1, 2004. The court finds no reason to toll the one-year period of limitations beyond that date.

## **CONCLUSION**

For the reasons discussed above, the court should GRANT respondent's motion to dismiss the underlying petition for writ of habeas corpus. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474

REPORT AND
RECOMMENDATION - 3

1  U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to

2  set the matter for consideration on **May 28, 2010**, as noted in the caption.

3        DATED this 30th day of April, 2010.

                                            J. Richard Creatura
                                            United States Magistrate Judge

REPORT AND
RECOMMENDATION - 4